[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 25, 2004
THOMAS K. KAHN
CLERK

_____

No. 03-11496
Non-Argument Calendar

_____

D.C. Docket No. 02-00222-CV-4

ROBERT EDWARD NELSON,

Petitioner-Appellant,

versus

DERRICK SCHOFELD,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Georgia

_____

(MAY 25, 2004)

Before CARNES, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Robert Edward Nelson, a Georgia state prisoner proceeding pro se, appeals

the district court's dismissal of his habeas petition, brought pursuant to 28 U.S.C.

§ 2254.[1]  The issue presented in this case is whether O'Sullivan v. Boerckel, 526

U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), requires a petitioner challenging

a Georgia conviction and sentence on direct appeal to petition the Georgia

Supreme Court for certiorari in order to exhaust his state remedies.

Nelson, serving a life sentence, was convicted in state court of armed

robbery, possession of a firearm during the commission of a felony, and

possession of a firearm by a convicted felon.  Nelson filed a direct appeal to the

Georgia Court of Appeals arguing, inter alia, that (1) trial counsel was ineffective,

and (2) the state violated his due process rights.  The Georgia Court of Appeals

affirmed the convictions and sentences. Nelson v. State, 528 S.E.2d 844 (Ga. App.

Ct. 2000).  Nelson did not attempt to appeal the decision to the Georgia Supreme

Court.

Nelson then filed a state writ of habeas corpus, arguing, inter alia, that

appellate counsel was ineffective for not seeking writ of certiorari from the

Georgia Supreme Court.

---

[1]  Nelson filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996), and, therefore, the provisions of that act govern this appeal.

After an evidentiary hearing, the state court denied the habeas petition.[2] Nelson sought a certificate of probable cause from the Georgia Supreme Court, asserting only his claim that appellate counsel was ineffective for not challenging trial counsel's failure to move to sever his case from that of his codefendant. Nelson did not seek review of whether counsel was ineffective for failing to seek a writ of certiorari from the Georgia Supreme Court in his direct appeal. The Georgia Supreme Court denied a certificate of probable cause.

Nelson then filed the present federal habeas petition pursuant to 28 U.S.C. § 2254. In his petition, Nelson raised the following claims: (1) appellate counsel was ineffective; (2) trial counsel was ineffective; and (3) his due process rights were violated.

The magistrate judge recommended that the § 2254 petition be dismissed, finding that, although Nelson had raised his ineffective-assistance-of-trial-counsel claims and his due process claim on direct appeal, because he never attempted to appeal the Georgia Court of Appeals decision to the Georgia Supreme Court, his claims were procedurally defaulted. The magistrate judge noted that the state court had addressed the issue of appellate counsel's performance in the habeas

---

[2] Notably, the state court did not address Nelson's claim that counsel was ineffective for failing to seek a writ of certiorari from the Georgia Supreme Court.

3

petition and had found that there was no deficiency in trial counsel's performance and that Nelson did not suffer any prejudice, and, therefore, there was no deficiency in appellate counsel's performance.

The district court adopted the report and recommendation over Nelson's objections. Nelson filed his notice of appeal, which the district court construed as a motion for a certificate of appealability ("COA") and denied. This court granted a COA on the following issue only: "[w]hether, in light of O'Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), a petitioner challenging a Georgia conviction and sentence on direct appeal is required to petition the Georgia Supreme Court for certiorari for purposes of exhausting his state remedies."

We review a district court's denial of a habeas petition de novo. Pope v. Rich, 358 F.3d 852, 853 n.1 (11th Cir. 2004).

Before bringing a federal habeas petition, a state prisoner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b), (c). In O'Sullivan, the U.S. Supreme Court reviewed the Illinois direct appeals process and held that state prisoners must petition for discretionary review in the state supreme court in order to exhaust state remedies if that discretionary review is part

of the "ordinary appellate review procedure." 526 U.S. at 847. "'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary." O'Sullivan, 526 U.S. at 845.

Prior to O'Sullivan, a Georgia prisoner was not required to seek review of a Georgia appellate court's affirmance of his conviction. Buck v. Green, 743 F.2d 1567, 1569 (11th Cir. 1984). Recently, however, this court extended O'Sullivan to require Georgia prisoners to seek a certificate of probable cause from the state supreme court upon the denial of a state habeas petition in order to exhaust state remedies. Pope, 358 F.3d at 853-54. In reaching this conclusion, the court reviewed our earlier decision in Pruitt v. Jones, 348 F.3d 1355 (11th Cir. 2003), which held that O'Sullivan, which had addressed direct appeals, also applied to the Alabama state habeas proceedings. Pope, 358 F.3d at 854; Pruitt, 348 F.3d at 1359; see also Smith v. Jones, 256 F.3d 1135 (11th Cir. 2001) (applying O'Sullivan where an Alabama state prisoner failed to petition for certiorari on direct appeal).

Although Pope did not specifically address the issue of whether a Georgia state prisoner must petition for certiorari during his direct appeal in order to

5

exhaust state remedies, logic dictates that the exhaustion requirement in Georgia is the same for direct appeals as for post-conviction relief. "The fact remains that Georgia law provides that a state prisoner may appeal an adverse decision to the Georgia Supreme Court by petitioning for a certificate of probable cause within 30 days of the denial of his state habeas petition. Nothing in O.C.G.A. § 9-14-52 can be considered 'extraordinary' as defined in Boerckel."[3] Pope, 358 F.3d at 854.

Accordingly, applying Pope, we hold that Nelson was required to petition for certiorari from the state supreme court on direct appeal to exhaust his state remedies.[4] As he failed to do so, Nelson cannot show that he exhausted his state remedies. Accordingly, we AFFIRM the dismissal of his habeas petition.

---

[3] Under O.C.G.A. § 9-14-52, a prisoner cannot appeal the denial of habeas corpus relief "unless the Supreme Court of this state issues a certificate of probable cause for the appeal." O.C.G.A. § 9-14-52(a).

[4] Nelson's arguments that the state waived the exhaustion issue are without merit. Waiver must be express and explicit, and there is no evidence in the record that the state expressly waived the exhaustion issue. See 28 U.S.C. § 2254(b)(3). Furthermore, to the extent that Nelson asserts that he can show cause and prejudice because his counsel was ineffective in failing to apply for a certificate of probable cause, that issue is not properly before this court, as it is outside the scope of the COA, and Nelson has not requested that this court expand the COA. Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998). In addition, Nelson may not raise this claim because he failed to exhaust the issue, as he raised the claim for the first time in his state habeas petition, but he did not raise it when he moved for a certificate of probable cause from the denial of his state habeas petition. See Edwards v. Carpenter, 529 U.S. 446, 452-53, 120 S.Ct. 1587, 1591-92, 146 L.Ed.2d 518 (2000) (holding that federal court reviewing a habeas claim cannot consider an ineffective-assistance-of-counsel claim as cause for a procedural default of another claim if the ineffective-assistance claim itself was procedurally barred); Hill v. Jones, 81 F.3d 1015, 1029-31 (11th Cir. 1996) (holding that an ineffective-assistance-of-counsel claim, if exhausted and not procedurally defaulted, may constitute cause).