[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-16146
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 10, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 02-02879-CV-TWT-1

ROBERT HOLLIS,

Petitioner-Appellant,

versus

HUGH SMITH,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

(June 10, 2005)

Before TJOFLAT, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Petitioner-appellant Robert Hollis appeals the district court's denial of his

petition for habeas relief, brought pursuant to 28 U.S.C. § 2254.

Hollis was convicted of nineteen counts of aggravated child molestation, child molestation, solicitation of sodomy, and showing harmful materials to minors. On direct appeal, Hollis claimed that trial counsel was ineffective for failing to file a timely motion to suppress evidence. The Georgia Court of Appeals affirmed Hollis's conviction, finding that any error in failing to file the motion to suppress was harmless. Hollis v. Georgia, 450 SE.2d 427, 429-30 (Ga. Ct. App. 1994).

Hollis filed a state habeas petition, and at the hearings, Hollis's appellate counsel proffered by deposition that she had found no basis for arguing that trial counsel was ineffective due to alleged conflicts of interest and that trial counsel had zealously represented Hollis. She explained that, aside from the issue of the timeliness of the motion to suppress, her review of the records, the trial transcript, the file notes and interviews, and her conversations with trial counsel indicated that there were no ineffective-assistance-of-trial-counsel issues to raise.

The state court denied habeas relief, finding that the trial counsel claims had been raised on direct appeal and could not be re-litigated in a state habeas proceeding.[1] The state court further found that appellate counsel had raised the issues on appeal that were the most valid and the failure to raise every issue did

_____

[1] It appears that the state court reached this conclusion in error, as discussed below.

not constitute ineffective assistance. Hollis petitioned the Georgia Supreme Court for a certificate of probable cause, which was denied.[2] Hollis then filed the instant § 2254 petition.[3]

Responding to the § 2254 petition, the state asserted that the ineffective-assistance-of-trial-counsel claims were procedurally barred because they were raised or could have been raised on direct appeal or in the state habeas petition, and that Hollis could not show cause and prejudice to overcome the procedural bar. Addressing the ineffective-assistance-of-appellate-counsel claims, the state asserted that the state court's decision was entitled to deference and was not contrary to or an unreasonable application of federal law.

The magistrate judge recommended that the petition be dismissed because (1) Hollis's claim regarding trial counsel was without merit because he could not establish an actual conflict of interest that resulted in an adverse impact on the representation,[4] and (2) the state court's findings regarding appellate counsel were

---

[2] Because Hollis raised these issues either on direct appeal or in his state habeas petition for which he sought review by the Georgia Supreme Court, he has exhausted his claims. See Rule 40 of the Supreme Court of Georgia (2004) (stating that litigants are not required to petition the state supreme court for certiorari after the state court off appeals determination).

[3] Hollis filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996), and, therefore, the provisions of that act govern this appeal.

[4] The district court found that the ineffective-assistance-of-trial-counsel claim may have been procedurally barred, but the state court addressed the claim on the merits.

correct and entitled to deference, and Hollis could not show ineffective assistance under Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

The district court adopted the recommendation, over Hollis's objections, and dismissed the petition. The district court granted Hollis's application for a certificate of appealability ("COA") on the issue of whether he received effective assistance of counsel.

We review a district court's denial of a habeas petition de novo. Nelson v. Schofeld, 371 F.3d 768, 769 (11th Cir. 2004). As amended by the AEDPA, 28 U.S.C. § 2254 states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-- (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). As the U.S. Supreme Court has held,

> [u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas

4

court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner' case.

Williams v. Taylor, 529 U.S. 362, 412-13, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000). A state court's factual determination is entitled to a presumption of correctness. [5] 28 U.S.C. § 2254(e)(1); Putnam v. Head, 268 F.3d 1223, 1247 n.33 (11th Cir. 2001). However, even if the federal court concludes that the state court applied federal law incorrectly, relief is appropriate only if that application also is objectively unreasonable. Bell v. Cone, 535 U.S. 685, 694, 122 S.Ct. 1843, 1849, 152 L.Ed.2d 914 (2002); see also Williams, 529 U.S. at 409.

In federal habeas appeals based on claims of ineffective assistance of counsel, we review the district court's findings of fact for clear error and its legal conclusions and mixed questions of law and fact de novo. Fugate v. Head, 261 F.3d 1206, 1215 (11th Cir. 2001). The petitioner must show that his counsel's performance fell below the constitutional standards and that he was prejudiced as a result. Strickland, 466 U.S. at 687. To satisfy the deficient performance prong, the petitioner has the burden to prove that counsel made errors so serious that he

---

[5] The state court's factual findings are entitled to deference, but this court is not required to defer to a state court's legal determination concerning ineffective assistance. See Strickland, 466 U.S. at 698 (holding that the court's determination concerning counsel's effectiveness was not subject to a presumption of correctness); see also Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001).

was not functioning as the "counsel" guaranteed by the Sixth Amendment.  Id.

There is a strong presumption that counsel's performance was reasonable and adequate.  Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994).

To satisfy the prejudice prong, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  Strickland, 446 U.S. at 694.  The court may decline to reach the performance prong if it is convinced that the prejudice prong cannot be satisfied.  Waters v. Thomas, 46 F.3d 1506, 1510 (11th Cir. 1995).

A. Trial Counsel

Hollis challenges trial counsel's performance for (1) the failure to file a motion to suppress and (2) alleged ethical violations.

First, with respect to the motion to suppress, we may review the merits of the state court's decision and are not bound by the state habeas court's determination that the claim is procedurally barred.  See Smith v. Dugger, 840 F.2d 787, 791 (11th Cir. 1988) (citations omitted).  After a review of the record, we conclude that the state court's determination that counsel was not ineffective was not contrary to or an unreasonable application of Strickland.  The evidence

6

Hollis sought to exclude was cumulative, and any error in counsel's failure to file the motion was harmless.

Second, "[i]n order to establish a violation of the Sixth Amendment, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance."[6] Cuyler v. Sullivan, 446 U.S. 335, 349, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980); Herring v. Sec. Dep't of Corrs., 397 F.3d 1338, 1357 (11th Cir. 2005) (citing Mickens v. Taylor, 535 U.S. 162, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002)).

Here, Hollis's claims about a conflict of interest amount to little more than his own conclusory allegations, and there is no evidence that any alleged violation resulted in an actual conflict. Hollis's mere speculation about a possible conflict is not sufficient to establish ineffective assistance of counsel. See Cuyler, 446 U.S. at 349; Herring, 397 F.3d at 1357. Moreover, there was no evidence that an alleged conflict resulted in an adverse effect on counsel's performance. See Neelley v. Nagle, 138 F.3d 917, 926 (11th Cir. 1998), abrogation on other grounds

---

[6] The state court incorrectly found that this issue was procedurally barred because it was raised on direct appeal. A review of the record confirms that this issue was not raised. Nevertheless, although the claim would be procedurally barred because it should have been raised on direct appeal. Kelley v. Sec. Dep't of Corrs., 377 F.3d 1317, 1341-49 (11th Cir. 2004); Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11th Cir. 1999); Smith, 840 F.2d at 791, because the district court addressed the claim on the merits, we consider the merits of this issue as well. Kelley, 377 F.3d at 1341-49.

recognized by <u>Parker v. Head</u>, 244 F.3d 831, 835 (11th Cir. 2001).[7] A review of the trial transcripts demonstrates that counsel zealously represented Hollis. Therefore, even if the allegations were true, Hollis has failed to show that the violations resulted in adverse representation.

### B. Appellate Counsel

Applying <u>Strickland</u>, the state court found that counsel raised issues that had any merit or legal support, and that counsel's failure to raise every issue was not constitutionally defective representation. These findings are not contrary to or an unreasonable application of <u>Strickland</u> and are entitled to a presumption of correctness. 28 U.S.C. § 2254(d), (e)(1); <u>Putnam</u>, 268 F.3d at 1247 n.23.

Accordingly, we AFFIRM.

---

[7] In <u>Neelley</u>, this court noted that "[a]lthough it certainly appears that [counsel's] actions represent a serious violation of Alabama's ethics rules, it also appears that he competently represented her interests, and no others, throughout the course of the trial. Based on the record, it was not unreasonable for the Alabama Court of Criminal Appeals to find only the existence of a potential conflict of interest, rather than an actual conflict. The district court did not err in rejecting Neelley's ineffective-assistance-of-counsel claim." <u>Neelley</u>, 138 F.3d at 926.