[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 16, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16191
Non-Argument Calendar

_____

D. C. Docket No. 04-02396-CV-T-26-MSS

HUMBERTO MARTINEZ,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 16, 2005)

Before BLACK, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Humberto Martinez, a Florida state prisoner proceeding pro se, appeals the district court's dismissal of his habeas petition, 28 U.S.C. § 2254, as time-barred.[1] For the reasons that follow, we vacate and remand for further proceedings.

Martinez filed a pro se § 2254 petition, challenging the voluntariness of his plea in his 2002 convictions for DUI, driving without a license, and leaving the scene of an accident. Martinez did not file a direct appeal of his convictions. Martinez alleged that he filed a Fla.R.Crim.P. ("Rule") 3.800(c) motion in May 2002, which was denied sometime thereafter. In September 2003, Martinez filed a Rule 3.850 motion, which was denied in January 2004. Martinez appealed the denial, and the state court of appeals affirmed. Martinez then filed the instant § 2254 petition.

The district court sua sponte determined that the § 2254 petition was time-barred because the Rule 3.800(c) motion did not toll the AEDPA's statute of limitations, and the Rule 3.850 motion was itself untimely. Martinez requested a certificate of appealability ("COA"), which the district court denied. This court then granted a COA on the following issues: "Whether the district court properly found that appellant's Fla.R.Crim.P. 3.800(c) motion did not toll the Antiterrorism

_____

[1] Martinez filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996), and, therefore, the provisions of that act govern this appeal.

and Effective Death Penalty Act of 1996's statute of limitations pursuant to 28 U.S.C. § 2244(d)(2)?  If not, whether appellant's § 2254 petition was time-barred?"

We review a district court's denial of habeas relief under § 2254 de novo. Maharaj v. Sec'y for Dep't of Corr., 304 F.3d 1345, 1348 (11th Cir. 2002).  A district court's determination that a § 2254 habeas petition is time-barred under 28 U.S.C. § 2244(d) also is reviewed de novo.  Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002).  Pro se pleadings are entitled to liberal construction. Haines v. Kerner, 404 U.S.519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

Here, the limited record on appeal does not include a copy of Martinez's post-conviction motion(s).  Martinez originally asserted that he filed his post-conviction motion pursuant to Rule 3.800(c), but he now alleges that he brought the motion under subsection (a).[2]  Because the district court sua sponte dismissed the petition as time-barred, the record has not been developed sufficiently to determine whether the confusion over the type of motion Martinez filed is the result of a mere scrivener's error on Martinez's part or whether Martinez actually filed a Rule 3.800(c) motion.  As we cannot ascertain from the record what subsection of Rule 3.800 Martinez relied on or what claims he raised in his post-

---

[2] The state concedes that Martinez filed at least one Rule 3.800(a) motion, and that a properly filed Rule 3.800 motion would toll the statute of limitations.  In contrast, according to the state, a Rule 3.800(c) motion is not a tolling motion.

3

conviction motion(s), we cannot determine whether the district court properly applied the AEDPA's statute of limitations. Moreover, the scope of the COA is limited to the issue of whether a Rule 3.800(c) motion would toll the statute of limitations, and, therefore, we cannot reach the issue of timeliness based on Martinez's Rule 3.800(a) motion(s).[3] Accordingly, we VACATE and REMAND for the district court to develop the record and address these issues.

---

[3] Nelson v. Scholfeld, 371 F.3d 768, 770 n.4 (11th Cir. 2004) (limiting appellate review to those issues specified in the COA); Murray v. United States, 145 F.3d 1249, 1251 (11th Cir. 1998) (same). But see Thomas v. Crosby, 371 F.3d 782, 801 (11th Cir. 2004) (finding no jurisdictional error in court's decision to ask the parties to address issues not delineated in the COA, and declining to address whether failure to address issues specified in the COA were deemed waived).