PER CURIAM:
In Nelson v. Schofeld, 371 F.3d 768 (11th Cir.2004), this Court applied O’Sullivan v. Boerckel, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), to Georgia’s system of direct appellate review to conclude that a defendant must petition for certiorari to the Georgia Supreme Court in order to exhaust his state remedies and thereby avoid a procedural default. The O’Sullivan decision left open the possibility that a state’s highest court might, in effect, opt out of the rule of that case by clearly stating that it did not want the rule applied to eases from that state. See O’Sullivan, 526 U.S. at 847-48, 119 S.Ct. at 1734; id. at 849, 119 S.Ct. at 1734 (Souter, J., concurring); id. at 861-62, 119 S.Ct. at 1740-41 (Stevens, J., joined by Ginsburg and Breyer, JJ., dissenting); id. at 864, 119 S.Ct. at 1741-42 (Breyer, J., joined by Stevens and Ginsburg, JJ., dissenting). At the time we decided Nelson, Georgia’s Supreme Court had not attempted to opt out of the O’Sullivan rule, but since then it has.
In November 2004, the Georgia Supreme Court amended its certiorari review rule to read, in pertinent part:
A review on certiorari is not a right. A petition for the writ will be granted only in cases of great concern, gravity, or importance to the public. In all appeals from criminal convictions, a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies respecting a claim of error. When the claim has been presented to the Court of Appeals, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies.
Ga. Sup.Ct. R. 40 (as amended on Nov. 16, 2004). A January 5, 2005 amendment moved the second sentence of the quoted paragraph to the end but made no substantive change.
The O’Sullivan opt out language was not in the Georgia Supreme Court’s Rule 40 when Noel Hills, the federal habeas petitioner before us, went through the direct appeal process. During that process, *1376 Hills presented to the Georgia Court of Appeals four of the federal constitutional claims that he is attempting to raise in his federal habeas petition. He did not, however, seek certiorari in the Georgia Supreme Court from the Georgia Court of Appeals decision rejecting those claims on the merits, Hills v. State, No. A01A0225 (Ga. Ct.App. June 5, 2001) (unpublished). On the basis of Hills’ failure to seek certio-rari alone, and consistent with our Nelson decision, the district court ruled that he had procedurally defaulted the four federal constitutional claims even though he had raised them in the state court of appeals. When it dismissed Hills’ petition on O’Sullivan grounds on July 28, 2004, the district court did not have an opportunity to consider the effect of Georgia’s Rule 40 amendments, which would not be adopted for three-and-a-half more months.
Hills contends that the Georgia Supreme Court’s statements in Rule 40 take that state out of O’Sullivan’s sphere of influence and entitle him to consideration of his claims on the merits. We need not decide the issues raised by Hills’ contention, because the Georgia Attorney General has waived any reliance on a procedural bar defense in these circumstances.
Acting through their attorneys general, states can waive procedural bar defenses in federal habeas proceedings. See Gray v. Netherland, 518 U.S. 152, 165-66, 116 S.Ct. 2074, 2082, 135 L.Ed.2d 457 (1996); Moon v. Head, 285 F.3d 1301, 1318-19 (11th Cir.2002) (Carnes, J., joined by Hull, J., concurring); Romine v. Head, 253 F.3d 1349, 1364 (11th Cir.2001); Esslinger v. Davis, 44 F.3d 1515, 1527-29 (11th Cir.1995). While there are some restrictions on a state’s implicit waiver of a procedural bar defense, see McNair v. Campbell, 416 F.3d 1291, 1303-07 (11th Cir.2005), the waiver here is anything but implicit.
The Georgia Attorney General filed two briefs in this Court, one in response to Hills’ pro se brief and the other in response to the brief filed by counsel we appointed to represent Hills in the appeal. In the first brief he filed, the attorney general represented that: “In the district court Respondent did not contest exhaustion of these claims or assert they were defaulted due to Petitioner’s failure to seek certiorari. Instead, Respondent urged the district court to determine whether the Georgia Court of Appeals’ merits adjudications of these particular grounds should be given deference” under the deferential standard set out in 42 U.S.C. § 2254(d). Brief of Appellee at 11-12 (Feb. 24, 2005). Likewise, in that same brief the attorney general urged us to conclude that the petitioner’s claims “are not defaulted and either remand this case to the district court for a § 2254(d) analysis or conduct such an analysis and deny relief.” Id. at 19.
The Georgia Attorney General did not vary from that position in the second brief he filed, again insisting that there was no procedural bar and that what we should do is either decide the claims on the merits, with proper deference under § 2254(d), or remand them to the district court for it to do so. Brief of Appellee at 5-6 (Oct. 3, 2005). As for the O’Sullivan rule, the attorney general explains his position that: 1) it is unworkable in Georgia because state certiorari petitions are kept by the state supreme court for only one year, rendering it difficult for the State to show that any related procedural bar is consistently and regularly applied, id. at 7-8; 2) it is inapplicable because Georgia’s courts do not apply procedural bars in state col *1377 lateral review based upon the failure of a petitioner to have sought certiorari review of the claims on direct appeal, id. at 8-9; and 3) the amendment to Rule 40 shows that the Georgia Supreme Court does not want the increased certiorari filings that the O’Sullivan rule will cause, id. at 9. As for our Nelson decision, the state attorney general’s position is, in essence, that the amendment to Rule 40 has overtaken it.
We need not decide how we would have decided this case had the attorney general taken different positions on these questions, and we do not imply how the questions should be decided if they arise in cases from some other state. All we decide is that in federal habeas proceedings the Georgia Attorney General has the authority to speak for the Georgia court system insofar as its federalism interests are concerned. He can waive potential procedural bar defenses. He has done so here.
We do note the footnoted position in one of the Georgia Attorney General’s briefs indicating his position that it is still a procedural default for a state habeas corpus petitioner not to file an application for a certificate of probable cause in the Georgia Supreme Court to appeal the denial of relief by the trial-level court. Brief of Appellee at 8-9 n. 3 (Oct. 3, 2005) That kind of default not being involved in this case, any issues concerning it are for another day.
The district court’s judgment dismissing Hills’ petition for a writ of habeas corpus on procedural bar grounds is VACATED. The case is REMANDED for the district court to decide, with proper regard to the dictates of 28 U.S.C. § 2254(d), the four federal constitutional claims that the Georgia Court of Appeals decided on the merits during its direct review.