[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
October 27, 2006
THOMAS K. KAHN
CLERK

No. 05-13053
Non-Argument Calendar

_____

D. C. Docket No. 03-00117-CV-RWS-2

WARREN R. SKILLERN,

Petitioner-Appellant,

versus

STATE OF GEORGIA,
WARDEN HUGH SMITH, Georgia State Prison,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 27, 2006)**

Before DUBINA, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Warren R. Skillern, a Georgia prisoner proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2254 petition in which he challenged his convictions for child molestation, cruelty to children, and rape. We granted a Certificate of Appealability ("COA") on the following two issues concerning procedural default:[1]

> (1)   Whether the district court erred in determining that the following ineffective assistance of trial counsel claims were procedurally defaulted: trial counsel was ineffective for: (a) trying the case "as if there was a third party element;" (b) failing to object to the state's reference to two witnesses as "defe[n]dants;" (c) failing to object to the seizure of appellant's property; (d) failing to request a Jackson-Denno[2] hearing; (e) failing to use exculpatory "school records;" (f) failing to raise the issue of police misconduct; (g) using appellant's mistress as a witness and failing to object during cross-examination; (h) subpoenaing the examining physician; (i) failing to move to dismiss for lack of evidence; (j) questioning the school counselor; (k) failing to object to the state's assertion that appellant blamed others for the charged offenses; and (l) forcing appellant to testify, and

_____

[1] We decline to address Skillern's other arguments because they are beyond the scope of our COA.

Skillern has filed the following motions, which we construe, together, as a motion for reconsideration of the COA and DENY it: (1) "Motion To Incorporate, To Take Affidavit of Grave Concern, and For Brief Modification;" (2)"Motion For Order Instructing Respondent and Respondents' Attorney to Cease and Desist Interference of Skillern's Right to Full Access to the Courts;" (3) "Motion for Abeyance and Evidentiary Hearing;" (4) "Motion for Abeyance and Evidentiary Hearing w/ Motion for Court to Direct Clerk to Serve;" (5) "Motion for Original Jurisdiction Summary Judgment;" (6) "Motion for Consideration of Arrest w/o Probable Cause;" (7)"Motion for Service and Copies of Exhibit;" (8) "Motion for Stay of State Court Proceeding;" and (9) "Request for Stay of State Court Proceedings." We also DENY Skillern's "Motion for Order" and "Request for Modification and to File Brief/Information."

[2]Jackson v. Denno, 378 U.S. 368 (1964).

(2)     Whether the district court erred in determining that appellant's ineffective assistance of <u>appellate</u> counsel claims were procedurally defaulted?

We review a district court's decision to deny habeas corpus relief on the basis of a procedural default <u>de novo</u>.  See <u>Brownlee v. Haley</u>, 306 F.3d 1043, 1058 (11th Cir. 2002).  After careful review, we affirm.

I.

The relevant facts are these.  In 1994, after a jury trial, Skillern was convicted in the Superior Court of Cherokee County, Georgia of child molestation, aggravated child molestation, rape, and cruelty to children.  After his conviction, he secured a new attorney and moved for a new trial, alleging numerous instances of ineffective assistance of trial counsel, including that counsel failed (1) to challenge a search and seizure of Skillern's property; (2) to procure physical, psychiatric and psychological reports of two state witnesses; (3) to procure criminal histories for state witnesses; (4) to have certain examinations performed in furtherance of a theory of defense based on Child Abuse Accommodation Syndrome ("CAAS"); (5) to adopt a "discernable strategy of defense"; and (6) "to acquaint himself with law and authority relevant to this case."  At an evidentiary hearing on the motion, Skillern raised additional ineffective-assistance claims, including that his trial counsel (7) "did not request a continuance to obtain police

reports" concerning one of the child-victim's prior allegations of molestation and (8) "did not make objections at trial." Also at the evidentiary hearing, the state trial court heard the testimony of Skillern's trial attorney and Skillern himself. The state trial court denied the motion for a new trial on the merits, stating that Skillern had failed to demonstrate either prong of the test for ineffective assistance of counsel set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984).

On direct appeal to the Georgia Court of Appeals, Skillern argued, among other things, that the trial court erred by denying him a new trial because his attorney had provided ineffective assistance by failing to: (1) "procure expert testimony" at Skillern's request; (2) "adequately investigate the case prior to trial"; and (3) call character witnesses at Skillern's request. The Georgia Court of Appeals found that trial counsel's testimony at the evidentiary hearing on the motion for a new trial was "sufficient evidence to support the trial court's ultimate conclusion that [Skillern] failed to show ineffectiveness under [Strickland]." Skillern v. State, 521 S.E.2d 844, 848 (Ga. Ct. App. 1999). The Georgia Court of Appeals affirmed Skillern's convictions, except for the conviction for aggravated child molestation, which was reversed for a reason unrelated to the instant appeal. Id.

Thereafter, Skillern filed four state habeas corpus petitions, in which he reasserted some of the instances of ineffective assistance of trial counsel that he had raised in his motion for new trial or on direct appeal, as well as many new claims.[3] In opposition to Skillern's habeas petitions, the state argued that some of the ineffective-assistance claims had been addressed and rejected by the Georgia Court of Appeals in Skillern's direct appeal. As for the remaining claims, the state argued that the claims were procedurally barred because they had not been raised on direct appeal, but could have been.

After numerous hearings on these four petitions, the state habeas court denied relief, finding that some of Skillern's ineffective-assistance claims had been "decided adversely to [Skillern] on direct appeal, [and because] the same were litigated on direct appeal and decided adversely, they cannot now be re-litigated." As for Skillern's other claims based on trial counsel's assistance, the state habeas

[3] Skillern asserted the following arguments that trial counsel was ineffective for failing: (1) to challenge the indictment on numerous grounds; (2) to object to the state's expert witness; (3) to object to the testimony of two detectives who improperly bolstered the victim's testimony; (4) to object to the admission of a videotape; (5) to move for a mistrial based on the admission of "similar transaction evidence"; (6) to secure an expert witness on CAAS; (7) to object to, or otherwise challenge, some of the state's motions and arguments during the trial; (8) to preserve issues for appeal; and (9) to object to the victim's mother's testimony that Skillern liked young girls. Skillern also contended trial counsel was ineffective for (10) attempting to qualify a counselor as an expert witness; (11) allowing Skillern to be brought before the jury in shackles; (12) failing to pursue evidence that the victim's father thought she was lying; (13) failing to obtain and present evidence that the victim's mother had a criminal history; and (14) failing to call witnesses to testify that the victim might have seen her mother engage in sexual activities or watch pornographic tapes.

court found that they failed on the merits because Skillern had not shown "with a reasonable degree of probability that the results would have been different, but for the alleged errors, committed by his trial attorney." The state habeas court also found that Skillern's ineffective-assistance claims based on appellate representation failed because appellate counsel had "possessed those qualities of adequacy" set forth in Stephens v. State, 453 S.E.2d 443 (Ga. 1995), and Strickland, 466 U.S. at 687.

Skillern then filed numerous unsuccessful federal habeas petitions[4] before filing the instant petition, pursuant to 28 U.S.C. § 2254. In this petition, as originally filed, Skillern indicated only that he believed he had received ineffective assistance of trial and appellate counsel, but did not enumerate any specific instances. Instead, Skillern summarily stated that he "reserved the right to list the ten pages of instances of ineffective assistance of [trial] counsel" and "reserved the right to list the five pages of instances of ineffective assistance of [appellate] counsel." The district court noted that "out of deference to Petitioner's pro se status, the court will afford Petitioner an opportunity to amend his Petition to identify specific instances of ineffective assistance of counsel."

---

[4]See Skillern v. Smith, No. 2:02-CV-0197-RWS (N.D. Ga. 2002)(dismissed as successive to previous petition, which was not exhausted); Skillern v. Smith, Case No. 2:02-CV-0029-RWS (N.D. Ga. 2002) (dismissed without prejudice for failure to exhaust state remedies); Skillern v. Sikes, Case No. 2:98-CV-24-WCO (N.D. Ga. 1998) (same).

6

Skillen then filed an amended petition alleging a number of ways his <u>trial</u> counsel was ineffective, including: (1) trying the case "as if there was a third party element"; (2) failing to object to the state's reference to two witnesses as defendants in the case against him; (3) failing to make a Fourth Amendment challenge as to the warrantless seizure of his property; (4) failing to request a <u>Jackson v. Denno</u> hearing; (5) failing to use exculpatory school records; (6) failing to raise the issue of police misconduct, including the alleged "planting" of evidence; (7) using appellant's mistress as a witness and failing to object during cross-examination; (8) subpoenaing the examining physician; (9) failing to move to have the rape charge, if not all charges, dismissed for want of evidence; (10) questioning the school counselor in a manner that suggested Skillern's guilt; (11) failing to object to the state's assertion that Skillern blamed others for the charged offenses; (12) forcing appellant to testify; (13) failing to seek a psychological evaluation of the victim; (14) failing to assert a CAAS defense; (15) failing to use available character witnesses; and (16) failing to prepare for trial.

The district court found that the last four claims were raised on direct appeal to the Georgia Court of Appeals, and that the Georgia appellate court's decision was neither contrary to, nor an unreasonable application, of the clearly established

Strickland standard for ineffective assistance of counsel.[5]  As for the remaining twelve claims, the district court concluded that they were procedurally defaulted since Skillern failed to raise them in his state court proceedings, prior to seeking federal habeas relief.

Skillern also claimed that appellate counsel was ineffective for failing: (1) to raise any of the allegations of ineffective assistance of trial counsel claims, and "sabotag[ing] the direct appeal"; (2) to challenge the validity of the motion for new trial hearing; and (3) to challenge the constitutionality of Georgia's "rape slight penetration rule" and the sufficiency of the evidence of penetration in his case.  As to these claims, the district court stated:

> In evaluating the state court ruling with great deference, [this court] cannot conclude that the state court's decision either involved an unreasonable application of clearly established Federal law [] or that it was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.  In [Skillern's 2000] petition for state habeas corpus relief, the state court examined Petitioner's claims and concluded that Petitioner had failed to establish ineffective assistance of appellate counsel.

(citations omitted).  Moreover, the district court concluded, the unexhausted claims based on appellate counsel's representation would be procedurally barred under Georgia law.  This appeal followed.

---

[5]Consideration of these four claims is beyond the scope of our COA.

II.

A federal habeas petitioner who claims he is detained pursuant to a final judgment of a state court in violation of the U.S. Constitution is entitled to have a federal habeas court make its own independent determination of those claims to the extent that a state court has previously addressed them on the merits. Wainwright v. Sykes, 433 U.S. 72, 87-89 (1977). However, a petitioner who failed to properly raise a federal claim in state court is procedurally barred from raising that claim in federal court absent a showing of cause for and actual prejudice from the default. Id.

There are two principles of procedural-default law implicated here. First, procedural default can occur when a petitioner never raised the federal claim in state court, "and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default." Bailey v. Nagle, 172 F.3d 1299, 1303 (11th Cir. 1999). Second, procedural default can occur when the federal claim was raised in the state court proceedings, but the state court correctly applied a procedural default principle of state law to conclude that the federal claim was barred, in which instance the federal court will respect the state court's decision. Id.

9

When we consider whether a federal claim was raised in state court proceedings, the exhaustion doctrine of 28 U.S.C. § 2254 requires that the grounds for relief must have been "fairly presented" to the state court before they can be considered by a federal court in a habeas context. Picard v. Connor, 404 U.S. 270, 275 (1971). In cases involving ineffective-assistance-of-counsel claims, we have held that "a habeas petitioner may not present instances of ineffective assistance of counsel in his federal petition that the state court has not evaluated previously." Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).

For purposes of determining whether a claim has been exhausted in Georgia state court, we have held that "[w]hen a claim has been presented to the [Georgia] Court of Appeals and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies." Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (citing Ga. Sup. Ct. R. 40). Pursuant to the requirements of Georgia habeas law,

> All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived unless the Constitution of the United States or of this state otherwise requires or unless any judge to whom the petition is assigned, on considering a subsequent petition, finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.

O.C.G.A. § 9-14-51.

10

III.

From our careful review of the record, including the proceedings at Skillern's trial, his motion for a new trial, his direct appeal, and his numerous state habeas applications, it is clear that, except for the claims lettered (c) and (e) in our COA, all of Skillern's claims based on ineffective assistance of <u>trial</u> counsel were raised for the first time in his § 2254 petition and never adjudicated in state court, and thus were unexhausted. Under O.C.G.A. § 9-14-51, these claims are procedurally barred in state court. "[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." <u>Snowden v. Singletary</u>, 135 F.3d 732, 736 (11th Cir. 1998). Accordingly, Skillern's unexhausted claims, raised for the first time in federal court, were properly dismissed.[6]

As for claim (c), concerning the failure to object to the seizure of Skillern's property, although the district court erred by finding this claim had never been raised, the court properly denied federal habeas relief because this claim was not presented to the Georgia Court of Appeals and, thus, was not exhausted. <u>Hills</u>, 441

---

[6]Moreover, none of these claims involve issues that "a state court judge would find . . . 'could not reasonably have been raised in [Skillern's] original or amended [state habeas] petition." <u>Chambers v. Thompson</u>, 150 F.3d 1324, 1327 (11th Cir. 1998) (quoting O.C.G.A. § 9-14-51). And Skillern has not argued "cause and prejudice," as a basis to excuse his default of these claims.

11

F.3d at 1375 ("[w]hen a claim has been presented to the [Georgia] Court of Appeals and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies"). Construing Skillern's petition liberally, and based on our review of the record, Skillern asserted claim (c) when he argued, both in his motion for a new trial and in one of his state habeas petitions, that trial counsel should have moved to suppress, or otherwise challenged, the introduction of evidence seized from his vehicle. After an evidentiary hearing, the state trial court, in its order denying Skillern's motion for a new trial, noted the following:

> Valente [Skillern's trial attorney] filed a motion to suppress the search and seizure of certain items located during the search of defendant's vehicle pursuant to a search warrant. Valente did not pursue the motion because the State agreed to stipulate that a strap on dildo found among defendant's personal belongings would not be admitted into evidence in exchange for Valente stipulating that a jar of vaseline had been found among defendant's personal belongings. Valente explained that the jar of vaseline was a common household product that he could easily explain being in the defendant's possession, but that the defendant's possession of a strap on dildo would be extremely prejudicial to the defendant in front of a conservative rural county jury.

Moreover, at the March 27, 2002 hearing on one of Skillern's state habeas petitions, the state habeas court heard Skillern's argument on the stipulation concerning the jar of Vaseline. Skillern asserted that he never agreed to the stipulation and that his attorney was ineffective for allowing the introduction of the Vaseline jar.

12

The state habeas court denied relief, noting at the hearing that Skillern had raised this issue in a prior state habeas petition. Cf. O.C.G.A. § 9-14-51 (requiring habeas petition to raise "[a]ll grounds claimed" in the original petition and stating that claims not raised are waived). Although Skillern raised this claim prior to his § 2254 petition, he did not raise the claim in any proceeding before the Georgia Court of Appeals. Accordingly, it was not exhausted and Skillern was not entitled to federal habeas relief. Hills, 441 F.3d at 1375.

As for claim (e), concerning trial counsel's failure to use exculpatory school records, Skillern argued this claim before the state habeas court at the March 27, 2002 hearing on the state habeas application. Skillern contended that the records were exculpatory in nature, as they suggested that the child-victim's mother coerced the child to lie and that the child-victim had previously made claims that she had been molested by another individual. On April 6, 2003, the state habeas court denied state habeas relief, finding that "the school records which [Skillern] contends are exculpatory, he has filed a separate pleading indicating he has had them since 1994, long before he filed his first habeas petition." Pursuant to O.C.G.A. § 9-14-51, this ineffective-assistance claim, which the state habeas court found was available to Skillern when he filed his first habeas petition, was waived. And the state habeas court concluded that the record belied Skillern's proffered

13

excuse for not raising the claim earlier. Accordingly, although this claim was raised prior to Skillern's federal habeas petition, he nonetheless is not entitled to relief because the state habeas court enumerated a procedural-default principle of state law to conclude that the ineffective-assistance claim was barred. In such a case, a federal court will respect the state court's decision. Bailey, 172 F.3d at 1303.

Finally, we can discern no error in the district court's decision on the ineffective-assistance claims as to appellate counsel, which, like most of the trial-assistance claims, were procedurally defaulted because they were not first raised in state court.[7] Although in its order, the district court first suggested that it had considered the merits of Skillern's claims, we find it clear, based on our own thorough review of the record, that the claims were not properly raised in state court. In his four state habeas applications, Skillern vaguely asserted that he had received ineffective assistance of appellate counsel. He did not, however, enumerate the instances of ineffectiveness he made in response to the district court's order giving him leave to amend his § 2254 petition to state specific instances. Accordingly, like the trial claims, the appellate claims do not afford a basis for federal habeas relief, as they are procedurally barred. In short, even under

---

[7]Again, Skillern has not argued "cause and prejudice," as a basis to excuse his default of these claims.

a liberal construction of his voluminous pro se filings, we simply cannot conclude that he "fairly presented" to the state courts the specific claims he now asserts in federal court. Picard, 404 U.S. at 275.

In sum, because Skillern raised his trial-based claims, except for (c) and (e), and his appellate-based claims for the first time in his § 2254 petition, the district court correctly dismissed the claims as procedurally defaulted. Likewise, although claims (c) and (e) were not raised for the first time in the § 2254 petition, they also fail because claim (c) was not exhausted in state court and claim (e) was denied by the state habeas court on the basis of a state procedural-default rule.

**AFFIRMED.**

15