[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 13, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-10093
Non-Argument Calendar
_____

D. C. Docket No. 04-00374-CV-J-20HTS

WARREN L. EDWARDS,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(December 13, 2006)**

Before ANDERSON, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Florida state prisoner Warren L. Edwards, proceeding pro se, appeals the dismissal of his 28 U.S.C. § 2254 petition for habeas corpus. We reverse and remand.

## I. BACKGROUND

While serving time in state prison on an unrelated conviction, Edwards was prosecuted for mailing threats to the judge who presided over his first trial. Edwards admitted that he wrote the letters but claimed that he did not mail them and asserted that his cell-mate sent the letters without his knowledge. Edwards called an investigator from the public defender's office to testify as to conversations that the investigator had with his cell-mate about the incident, but the investigator asserted attorney-client privilege and refused to testify. Edwards also called his cell-mate to testify, but Edwards's cell-mate asserted his Fifth Amendment privilege not to incriminate himself. The trial court excluded the testimony of both the investigator and the cell-mate and Edwards was convicted.

In a petition for habeas corpus, Edwards argued that the trial court improperly excluded his cell-mate's testimony. The district court denied relief, but did not address the cell-mate's invocation of Fifth Amendment privilege in its order. We granted a certificate of appealability on the issue of "[w]hether the trial court should have required appellant's cell-mate to testify, despite his cell-mate's

2

assertion of his Fifth Amendment privilege, in light of appellant's Fifth and Sixth Amendment right to present evidence in his defense."

## II. STANDARD OF REVIEW

We review a district court's denial of a § 2254 petition de novo. Nelson v. Schofeld, 371 F.3d 768, 769 (11th Cir. 2004). We generally limit our review to the issue specified in the certificate of appealability, Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998), but we will look beyond the literal scope of a certificate when the resolution of a procedural issue is necessarily antecedent to resolution of the issue presented in the certificate. McCoy v. United States, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001).

## III. DISCUSSION

Edwards argues that the trial court improperly allowed his cell-mate, whom he claims could have corroborated his defense, to invoke the Fifth Amendment right against self-incrimination, thereby violating Edwards's right to a fair trial. The Secretary argues that Edwards waived this argument by not raising it in the district court. The argument of the Secretary fails.

Edwards's pleadings reveal that he confused the privilege his cell-mate asserted at trial with the attorney-client privilege asserted by the public defender, but Edwards made it clear that he was challenging his cell-mate's refusal to testify.

3

Edwards devoted an entire subsection of his brief on direct appeal to discussing his cell-mate's invocation of the Fifth Amendment, and Edwards specifically stated in his § 2254 petition that the "[t]rial court failed to make an inquiry of [his cell-mate] to determine the validity and the extent of his claim of the Fifth Amendment privilege." Liberally construing his pro se pleadings, see Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), we conclude that Edwards put the district court on notice of the nature of his claim.

In Clisby v. Jones, 960 F.2d 925, 935-36 (11th Cir. 1992) (en banc), we explained that a district court must resolve all claims raised in a § 2254 petition, regardless of whether relief is ultimately denied. Id. Because the district court failed to address every claim raised in Edwards's § 2254 petition, we vacate the judgment and remand the case to the district court to consider whether Edwards's right to a fair trial was violated when the trial court allowed his cell-mate to refuse to testify. See id. at 935-38.

## IV. CONCLUSION

The judgment of the district court is **VACATED** and **REMANDED.**