[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 31, 2009
THOMAS K. KAHN
CLERK

No. 06-15823

_____

D. C. Docket No. 06-01137 CV-T-27-TGW

WILLIAM BATTLE, JR.,

                                        Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

                                        Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 31, 2009)

Before DUBINA, Chief Judge, TJOFLAT, Circuit Judge, and WALTER,* District
Judge.

_____

    *Honorable Donald E. Walter, United States District Judge for the Western District of
Louisiana, sitting by designation.

PER CURIAM:

William Battle, Jr., a *pro se* Florida prisoner serving a ten-year sentence pursuant to a guilty plea to possession of cocaine and possession of a firearm by a convicted felon, on a certificate of appealability ("COA"), appeals the district court's denial of his federal habeas petition. He contends that his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348 (2000), and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531 (2004). We vacate and remand.

## I. BACKGROUND

Battle was convicted in February 2004 of possession of cocaine and possession of a firearm by a convicted felon in Florida state court. In June 2006, Battle filed a federal habeas petition pursuant to 28 U.S.C. § 2254.[1] He asserted that his conviction and sentence were unconstitutional under *Blakely.* Specifically, Battle argued that his conviction, after a guilty plea, violated *Blakely* because he had not admitted to being in actual or constructive possession of a firearm, which improperly enhanced his offense in violation of his Sixth Amendment right to trial by jury. Battle further argued that, based on this non-

---

[1] Because Battle filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), the provisions of that act apply.

jury finding, to which he did not admit, the state court increased his maximum penalty in violation of *Apprendi*. Battle concluded that his conviction violated *Apprendi* and *Blakely* because the finding of whether he possessed a firearm changed his offense from a misdemeanor to a felony.

The district court *sua sponte* dismissed Battle's petition. The court determined that Battle had sought relief only on the issue of whether his conviction and sentence were constitutional under *Blakely*. The district court noted that Battle's conviction had become final on March 10, 2004. The court recognized that *Blakely* reaffirmed the holding in *Apprendi* that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362-63. The court concluded that, because *Blakely* did not apply retroactively on collateral review Battle had failed to present a cognizable claim under § 2254 and denied his claim.

Battle moved for rehearing and argued that the district court had failed to consider his *Apprendi* claim. While Battle's conviction was final in 2004, the Supreme Court had decided *Apprendi* in 2000. Therefore, he argued that *Apprendi* did not have the same retroactivity implications as *Blakely*.

The district court denied Battle's motion for rehearing. The court initially construed Battle's motion as a motion for reconsideration, filed pursuant to Federal Rule of Civil Procedure 59(e), because Battle filed his motion within ten days of the dismissal order. The court dismissed Battle's habeas petition as time-barred under 28 U.S.C. § 2244(d). The court determined that Battle had failed to argue that there had been an intervening change in controlling law or that it was imperative that the judgment be amended to correct a clear error relating to the timeliness of Battle's petition. The court further concluded that Battle had failed to present convincing facts or law concerning why it should reverse its determination that Battle's petition was time-barred.

Battle filed a notice of appeal, which the district court construed as an application for a COA, and denied it. We granted a COA on two issues:

> Whether the district court erred in denying appellant's motion for rehearing, construed as a tolling Fed. R. Civ. P. 59(e) motion, based on a conclusion that it had dismissed appellant's 28 U.S.C. § 2254 as time-barred when the district court actually denied the § 2254 petition based on a retroactivity analysis.

> Whether the district court failed to address appellant's argument in his 28 U.S.C. § 2254 petition that his sentence was unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), in violation of *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992).

We now address both issues.

4

## II. DISCUSSION

A. <u>Denial of the Motion for Rehearing</u>

Battle argues that his petition was not time-barred and that he timely filed his petition at the conclusion of his state habeas proceedings. Battle asserts that the district court erred by finding that his petition was time-barred because the court had dismissed it on retroactivity grounds.

The district court erred by denying Battle's construed Rule 59(e) motion based on an erroneous finding that it had dismissed Battle's § 2254 petition as time-barred and that Battle had not demonstrated that such an analysis was incorrect. The court actually denied Battle's § 2254 petition based on its conclusion that *Blakely* did not apply retroactively to his convictions and sentences and not because Battle's petition was untimely. Consequently, the district court's order denying the construed Rule 59(e) motion inaccurately stated the reasons for its denial of the underlying order dismissing the § 2254 petition.

Additionally, the district court did not have all of the information before it to determine whether the petition was timely. Battle's § 2254 petition did not specify the dates that his state post-conviction motion was filed or denied, and he did not attach the relevant state documents as exhibits. Because this was a *sua*

5

*sponte* dismissal, the state had not responded or filed the record of the state proceedings. Significantly, the district court did not give Battle the opportunity to respond to the limitations periods or to offer an equitable tolling argument. We reject the state's suggestion that we should affirm on the alternate ground of retroactivity, because the retroactivity analysis is flawed. Accordingly, we vacate the district court's order denying Battle's motion for reconsideration.

B. Unconstitutional Arguments Relating to Sentence

Battle argues that the district court violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (en banc), because the court failed to consider his *Apprendi* claim. He claims that, construing his petition liberally, he preserved his *Apprendi* argument, and the district court should have addressed it under *Clisby*.

We review an appeal from a district court's denial of a petition for writ of habeas corpus *de novo*. *Nelson v. Schofeld*, 371 F.3d 768, 769 (11th Cir. 2004) (per curiam). In *Clisby*, we expressed concern over the "growing number of cases in which we are forced to remand for consideration of issues the district court chose not to resolve." *Clisby,* 960 F.2d at 935-36. We acknowledged the disruptive effect that such "piecemeal litigation" has on a state's criminal justice system and reasoned that its federal habeas corpus procedures should be designed to minimize such disruption. *Id.* at 935. Accordingly, in an effort to streamline

6

habeas corpus procedure, we instructed district courts to resolve all claims raised in § 2254 petitions, regardless of whether relief is ultimately denied. We further ensured compliance with this instruction by holding that, when the district court does not address each claim raised, the judgment will be vacated and the case will be remanded for further proceedings. *Id.* at 938. In determining whether a claim has been raised adequately, we have determined that "[*p*]*ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S. Ct. at 2362-63. After examining the state of Washington's sentencing guidelines, the Supreme Court held in *Blakely* that the imposition of a sentencing enhancement, based solely on the sentencing judge's factual findings, violated the defendant's Sixth Amendment rights because the facts supporting the findings neither were admitted by the defendant nor found by a jury. *Blakely*, 542 U.S. at 304-05, 124 S. Ct. at 2537-38.

The state argues that the district court addressed Battle's *Apprendi* claim and that any *Clisby* error was harmless. The district court stated that *Blakely* reaffirmed the *Apprendi* decision, and, therefore, incorporated any *Apprendi* claim to a *Blakely* claim. Because *Blakely* clarified and extended *Apprendi* to state sentencing guidelines, it generally would be possible to consider arguments under these cases as being the same. The court denied the claim, however, on a basis applicable only to *Blakely*, retroactivity, and decided that Battle's state petition was final a few months before the Supreme Court decided *Blakely* in 2004. Because *Apprendi* was decided in 2000, the district court either did not address the *Apprendi* claim with the retroactivity analysis or, if it did address the claim, it erred. The COA question was not whether there was any error in this regard, but rather whether the court failed to address the *Apprendi* claim. In the interest of judicial economy, we conclude that the district court failed to consider the *Apprendi* claim and to apply the *Clisby* analysis.

The state also contends that we should not remand Battle's case because, even if the district court erred, Battle's claims would have failed on the merits. The state essentially urges us to apply a harmless-error analysis. Despite the state's argument, nothing in *Clisby* indicates that harmless-error analysis should

8

apply when the district court has erred under *Clisby*. Although the respondent in *Clisby* urged us to consider the claims not addressed by the district court, we concluded that "[w]e c[ould] do no more than remand the case to the district court to consider all remaining claims." 960 F.2d at 935. Thus, the state's argument is unavailing, because, under *Clisby*, when a district court fails to address a defendant's claim, we will vacate the judgment without prejudice and remand with instructions for the court to consider that claim. 960 F.2d at 938.

We conclude that the district court erred by failing to address Battle's *Apprendi* claim. In Battle's petition and in his motion for reconsideration, he adequately raised the constitutional claim of whether his sentence violated *Apprendi*. Under *Clisby*, we have required that district courts address all claims raised in a § 2254 petition, regardless of whether relief will be denied ultimately. 960 F.2d at 935-36. The court failed to make any mention of Battle's *Apprendi* claim and denied his other claim based on a retroactivity analysis. Therefore, because the court's order violated *Clisby* by failing to address one of the claims asserted in Battle's § 2254 petition, we vacate the judgment without prejudice and remand the remaining claim for consideration by the district court.

## III. CONCLUSION

We hold that the district court erred when it dismissed Battle's motion for reconsideration of the denial of his § 2254 petition as time-barred, because it denied Battle's petition using a retroactivity analysis. We also hold that the district court erred under *Clisby* by failing to address Battle's *Apprendi* claim. Accordingly, we vacate the district court's orders and remand this case for further proceedings consistent with this opinion.

**VACATED and REMANDED.**