Thomas J. LYNCH, Jr., a.k.a. Barry S. Jameson, Petitioner–Appellant,

v.

Steven CAMBRA, Warden, Respondent–Appellee.

No. 04–55662.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 10, 2005.

Thomas J. Lynch, Jr., Coalinga, CA, pro se.

Alana Cohen Butler, Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM **

Former California state prisoner Thomas J. Lynch, Jr. appeals pro se the district court's judgment denying his 28 U.S.C. § 2254 petition. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo, *see Shumway v. Payne,* 223 F.3d 982, 984 (9th Cir.2000), and we affirm in part and dismiss in part.

Lynch contends that his due process rights were violated and his guilty plea was involuntary because the state trial court failed to advise him that to perfect an appeal from a guilty plea he would first have to apply for a Certificate of Probable Cause. Even if this amounted to a violation of federal due process, Lynch fails to demonstrate prejudice. *See Brecht v.*

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993); *see also Peguero v. United States,* 526 U.S. 23, 27, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("a court's failure to give a defendant advice required by the Federal Rules is a sufficient basis for collateral relief only when the defendant is prejudiced by the court's error").

Next, Lynch contends that his equal protection rights were violated by California's computation of pre-sentencing credits. However, we conclude that because Lynch has completed his term of imprisonment and parole, there is no longer a "live controversy," and the issue is moot. *See Murphy v. Hunt,* 455 U.S. 478, 481–82, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982) (per curiam).[1]

**AFFIRMED in part, DISMISSED in part.**

---

1. To the extent Lynch raises other contentions not certified for appeal, we construe his contentions as a motion to expand the certificate of appealability, and we deny the motion. *See* 9th Cir. R. 22–1(e); *Hiivala v. Wood,* 195 F.3d 1098, 1104–05 (9th Cir.1999) (per curiam).

