[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-12305
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 24, 2006
THOMAS K. KAHN
CLERK

_____

D. C. Docket No. 04-01292-CV-T-24TBM

MALCOLM FLEMING,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 24, 2006)

Before BIRCH, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Florida state prisoner Malcolm Fleming, proceeding pro se, appeals the district court's denial of his petition for federal habeas relief, filed pursuant to 28 U.S.C. § 2254. After review, we vacate and remand this case to the district court.

## I. BACKGROUND

Fleming filed a § 2254 petition raising the following four claims: (1) Fleming's conviction was obtained through an unlawfully induced, involuntary guilty plea for a variety of reasons; (2) Fleming was denied effective assistance of counsel at various stages of his state court proceedings; (3) the state trial court violated the separation-of-powers doctrine by threatening Fleming with a life sentence as a habitual violent felony offender before the state had filed a notice seeking the sentencing enhancement, suggesting that the judge was biased; and (4) Fleming's due process rights were violated, inter alia, when the state trial court neglected to inform Fleming of his right to a direct appeal and failed to give a full and fair hearing on Fleming's motion for post-conviction relief.

In denying Fleming's § 2254 petition, the district court distilled Fleming's four claims down to two issues. First, the district court noted that a claim that a defendant was not fully apprised of the consequences of his guilty plea or had pled guilty based on a false statement in the plea agreement implicates the Due Process Clause. On this basis, the district court concluded that Fleming's separate due

2

process claims merely reiterated his claims that his guilty plea was involuntary. The district court then addressed the merits of these due process claims and found that there was insufficient evidence that Fleming's guilty plea was unlawfully induced or involuntary. Second, the district court addressed whether Fleming was denied effective assistance of counsel and again found insufficient evidence to suggest a violation of Fleming's constitutional rights.

Fleming filed this appeal. We granted a certificate of appealability on the limited issue of "[w]hether the district court violated Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (en banc), by failing to address all of the claims raised in appellant's 28 U.S.C. § 2254 petition?"

## II. DISCUSSION

On appeal, Fleming argues that the district court did not address all of the claims raised in his § 2254 petition. In Clisby, we instructed the district courts to resolve all claims for relief raised in a petition for writ of habeas corpus prior to granting or denying relief. 960 F.3d at 936. We concluded that, when a district court fails to address all claims in the habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." Id. at 938.[1]

---

[1] We review an appeal of a district court's denial of a § 2254 petition de novo. Gamble v. Sec'y, Dept. of Corr., 450 F.3d 1245, 1247 (11th Cir. 2006).

3

Upon review of the record and the parties' briefs, we conclude that the district court failed to address two of Fleming's due process claims. The district court's order sought to answer only whether Fleming's conviction was obtained through an unlawfully induced, involuntary guilty plea and failed to consider alleged due process violations that occurred after Fleming entered his plea. Namely, the district court did not address whether Fleming's due process rights were violated (1) when the state court allegedly failed to notify him of his right to file a direct appeal or (2) when the state court allegedly failed to provide a full and fair hearing on Fleming's motion for post-conviction relief.

Because the district court did not address the merits of these two claims, we vacate the judgment and remand the remaining claims for consideration by the district court.[2]

**VACATED AND REMANDED.**

---

[2]Fleming also argues that the district court failed to address his other due process claims relating to the acceptance of his plea, including claims that the state court deprived Fleming of adequate time to contemplate the plea offer, allowed the state to serve notice of intent to charge Fleming as a habitual violent felony offender during the plea hearing and failed to require adequate proof of his prior convictions. The facts supporting these allegations are essentially the same as the facts used to support his argument that his plea was involuntary. These allegations do not constitute separate violations. See Mabry v. Johnson, 467 U.S. 504, 509, 104 S. Ct. 2543, 2547 (1984) (explaining that due process requires that a guilty plea be made voluntarily, intelligently and not based on misrepresentation or coercion).

Likewise, Fleming's claim that the state court violated the separation-of-powers doctrine is identical to his due process claim that the state court coerced his guilty plea by threatening him with a life sentence. Both claims are based on the same operative facts and allege violations of the same constitutional right to due process. The district court addressed these allegations in its ruling regarding the voluntariness of Fleming's plea.