[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 25, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-10367
Non-Argument Calendar

_____

D. C. Docket No. 04-01292-CV-T-24TBM

MALCOLM FLEMING,

Petitioner-Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(July 25, 2007)**

Before BIRCH, CARNES and HULL, Circuit Judges.

PER CURIAM:

Malcolm Fleming, a Florida prisoner, appeals the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. After review, we affirm.

## I. BACKGROUND

This is Fleming's second appeal of the denial of his § 2254 petition. We begin with the proceedings that led to the first appeal.

### A. First Appeal

In 1999, Fleming was arrested and charged with delivery of cocaine, possession of cocaine, robbery with a firearm, and opposing an officer without violence. Fleming accepted the State's modified plea offer to withdraw its notice to treat Fleming as a habitual violent offender in exchange for Fleming serving a 30-year sentence as a habitual felony offender, with a 15-year minimum mandatory sentence for the robbery offenses and a 5-year concurrent sentence for the delivery of cocaine offense.

Fleming signed a written plea agreement containing a provision advising him of his right to appeal as follows:

> I understand I have the RIGHT TO APPEAL the judgment and sentence of the Court within thirty (30) days from the date of sentence. . . . I understand that if I plead guilty . . . without reserving the right to appeal, I am waiving my right to appeal all matters relating to the judgment including the issue of my guilt or innocence.

2

At the combined plea and sentencing hearing in January 2000, Fleming indicated that he understood the charges and that, by pleading guilty, he was waiving his right to go to trial, to call witnesses, and to contest the facts underlying the charges. Fleming stated that he was not under the influence of any drugs or alcohol and was freely and voluntarily pleading guilty. There was no reference at the plea hearing to the written plea agreement or its contents. In addition, the state trial court did not inform Fleming that he had the right to file a direct appeal.[1] Fleming did not file a timely direct appeal.

In December 2000, Fleming filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. In July 2001, the state 3.850 court denied his Rule 3.850 motion in part. After holding an evidentiary hearing, the state 3.850 court denied his two remaining claims for relief in June 2002. The Second District Court of Appeal affirmed.

In October 2002 after the conclusion of the 3.850 proceedings in the state trial court, Fleming filed a petition for a belated direct appeal with the Second District Court of Appeal, which was denied.[2]

---

[1]Fleming's § 2254 petition indicates that he filed a motion to withdraw his guilty plea in February 2000. The record on appeal does not include this motion or the state trial court's ruling on the motion.

[2]The record on appeal does not include a copy of Fleming's petition for a belated appeal.

3

In June 2004, Fleming filed a pro se § 2254 petition raising four claims, including a claim that he had been denied his due process rights. Specifically, Fleming alleged, inter alia, that the state "[t]rial court also neglected to advise [him] of his right to appeal his convictions within 30 days."

In its response, the State conceded that Fleming had exhausted state remedies as to all of the claims in his § 2254 petition. The State, however, failed to address Fleming's claim about the state trial court's failure to inform him of his right to file an appeal.

The district court condensed Fleming's claims for relief into two claims and denied his § 2254 petition. This Court granted Fleming's application for a certificate of appealability ("COA") on the issue of whether the district court violated Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (en banc), by failing to address all of the claims raised in Fleming's § 2254 petition. On appeal, this Court vacated and remanded because the district court failed to address all of Fleming's due process claims, including the claim that the trial court failed to notify him of his right to file a direct appeal. Fleming v. Sec'y for Dep't of Corr., 203 F. App'x 969 (11th Cir. 2006).

B.    **Second Appeal**

 Upon remand, the district court again denied Fleming's § 2254 petition.

With respect to Fleming's claim that the state trial court failed to notify him of his right to file a direct appeal, the district court found that the trial court did not advise Fleming in open court of his right to file an appeal. However, the district court determined that Fleming could not demonstrate prejudice from this omission because his plea agreement stated that he could file an appeal within 30 days. The district court further noted that Fleming had filed a petition for belated appeal in state court that was denied.

We granted Fleming's motion for a COA on the issue of "[w]hether [Fleming's] due process rights were violated when the state court failed to inform him of his right to appeal his conviction and sentence."

## II. DISCUSSION

On appeal, Fleming, proceeding pro se, argues that he was prejudiced by the state trial court's failure to notify him of his right to an appeal. While Fleming does not deny that he signed the plea agreement, he asserts for the first time in this appeal that he never read or understood the plea agreement. Fleming contends that he signed the plea agreement only because his attorney instructed him to do so. Fleming further notes that the state trial court never inquired as to whether he had read the plea agreement, and, if it had, he would have told the court that he had not.

We review a district court's denial of a petition for writ of habeas corpus de

5

novo.  See McNair v. Campbell, 416 F.3d 1291,1297 (11th Cir. 2005), cert. denied,

547 U.S. 1073, 126 S. Ct. 1828 (2006).  "As to claims that the state court

adjudicated on the merits, [28 U.S.C. § 2254(d)(1)] restricts issuance of habeas

corpus to those that 'resulted in a decision that was contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the

Supreme Court of the United States.'"  Atwater v. Crosby, 451 F.3d 799, 804 (11th

Cir. 2006) (quoting 28 U.S.C. § 2254(d)(1)), cert. denied, ___ U.S.___, 127 S. Ct.

951 (2007).  Where a claim was not addressed on the merits by the state court,

however, the claim "falls outside of § 2254(d)(1)'s requirement that we defer to

state court decisions that are not contrary to, or an unreasonable application of,

clearly established federal law."  Davis v. Sec'y for Dep't of Corr., 341 F.3d 1310,

1313 (11th Cir. 2003).  Fleming's present due process claim was not addressed on

the merits by the state court because he did not raise the claim in his state 3.850

proceedings.[3]  Thus, the deference standard in § 2254(d)(1) does not apply.

Nonetheless, the Supreme Court recently provided guidance on resolving a

claim in a collateral proceeding that a trial court failed to advise the defendant of

---

[3]Before our Clisby remand, the State conceded in the district court that Fleming had exhausted state remedies as to his claims.  In this second appeal, the State does not allege that Fleming failed to exhaust.  Therefore, this Court need not consider whether this claim should be dismissed for failure to exhaust.  See 28 U.S.C. § 2254(b)(3); Hills v. Washington, 441 F.3d 1374, 1376 (11th Cir. 2006).

6

his right to appeal. In <u>Peguero v. United States</u>, 526 U.S. 23, 119 S. Ct. 961 (1999), the Supreme Court held that "a district court's failure to advise the defendant of his right to appeal does not entitle him to habeas relief if he knew of his right and hence suffered no prejudice from the omission." <u>Id.</u> at 24, 119 S. Ct. at 963. While the district court in <u>Peguero</u> failed to inform the defendant of his right to appeal, the defendant conceded that he was aware of this right by acknowledging that he asked his counsel to file an appeal at sentencing. <u>Id.</u> at 25, 119 S. Ct. at 963. Because the defendant had full knowledge of his right to appeal, he could not establish the requisite prejudice in order to obtain collateral relief. <u>Id.</u> at 28, 119 S. Ct. at 964-65.

Here, the State concedes that the state trial court erred by failing to inform Fleming of his right to an appeal as required by Florida Rule of Criminal Procedure 3.670. Fleming, however, has failed to establish that he was prejudiced by the trial court's error. Fleming signed a written plea agreement stating that he understood that he had the right to appeal his conviction and sentence within thirty days of sentencing.[4] Therefore, because the plea agreement advised Fleming of his right to appeal, Fleming failed to demonstrate prejudice from the state trial court's

[4]While in this appeal Fleming now alleges that he did not read or understand the plea agreement, we decline to address this argument because he did not present it in the district court. <u>See</u> <u>Nyland v. Moore</u>, 216 F.3d 1264, 1265 (11th Cir. 2000).

failure to inform him of his right to appeal.  Accordingly, the district court did not err in denying Fleming's due process claim.

**AFFIRMED.**