NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0231n.06

No. 10-1577

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED

*Feb 28, 2012*

LEONARD GREEN, Clerk

SANDY GLOVER,

  Petitioner-Appellant,

v.

CARMEN PALMER,

  Respondent-Appellee.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

Before: CLAY and KETHLEDGE, Circuit Judges, DOW, District Judge.[*]

KETHLEDGE, Circuit Judge. In 2000, a Michigan jury convicted Sandy Glover of assaulting his ex-wife. His lawyer failed to file a timely notice of direct appeal. The district court denied his federal habeas petition, holding that Glover had failed to demonstrate prejudice since he was able to file a delayed application for leave to appeal in Michigan state court. That holding conflicts with our intervening decision in *Hardaway v. Robinson*, 655 F.3d 445 (6th Cir. 2011). Under *Hardaway*, we remand with instructions to issue a conditional writ.

On December 9, 1999, Kerri Ann Wensko went to the house of her then-estranged (now-ex) husband, Sandy Glover. According to Wensko, Glover yelled at her for wearing another man's shirt and then hit the rear window of her car, shattering it. She said he dragged her into the house,

---

[*]The Honorable Robert M. Dow Jr., United States District Judge for the Northern District of Illinois, sitting by designation.

threatened her at gunpoint, and then wanted to have sex. Wensko testified that they had sex, fell asleep, and he threatened her again in the morning.

In contrast, Glover testified that he and Wensko had planned to meet for dinner that evening, but that she failed to show. He said he awoke that evening to Wensko taking off her clothes and getting in his bed. According to him, they argued, calmed down, and then had consensual sex.

Glover was charged in Michigan state court with assault with intent to commit murder, third degree criminal sexual conduct, and misdemeanor malicious destruction of property. A jury convicted him of assault with intent to commit great bodily harm less than murder and malicious destruction of property. The court sentenced him as a habitual offender to six to fifteen years in prison, plus 90 days for his misdemeanor.

Glover retained appellate counsel to file an appeal as of right, but the lawyer failed to file an appeal before the deadline. Glover then filed a delayed application for leave to appeal in the Michigan Court of Appeals. The court remanded to correct a computation error in his sentence, but otherwise denied his application for delayed appeal "[i]n all other respects . . . for lack of merit in the grounds presented." The Michigan Supreme Court also denied leave to appeal. Later, Glover filed a motion for relief from judgment in the trial court, alleging that his counsel was ineffective for failing to file a timely appeal. The trial court denied the motion. The Michigan Court of Appeals and Michigan Supreme Court denied Glover's later application for leave to appeal.

Glover then filed for habeas relief in federal district court, again alleging ineffective assistance of appellate counsel, among other claims. The district court denied the petition.

We review the district court's denial of the writ de novo. *See Johnson v. Bell*, 525 F.3d 466, 473 (6th Cir. 2008). But we review the state court's denial of collateral review under the deferential standard imposed by the Antiterrorism and Effective Death Penalty Act of 1996. *See Harrington v. Richter*, 131 S. Ct. 770, 783–84 (2011). AEDPA prohibits a federal court from granting habeas relief unless the state court's adjudication of a claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

Glover argues that his counsel for his direct appeal was constitutionally ineffective. To prevail, Glover must show that his attorney's performance was deficient and that he was prejudiced as a result. *See Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). An attorney's performance is deficient if, among other things, he "disregards specific instructions from the defendant to file a notice of appeal[.]" *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). That happened here, but the district court denied the writ on the ground that Glover had not demonstrated prejudice, since he was able to file an application for leave to appeal in the Michigan courts.

In the meantime our court has encountered this same scenario in another case. In *Hardaway v. Robinson*, 655 F.3d 445 (6th Cir. 2011), as here, the petitioner lost his right to a direct appeal after his counsel missed a filing deadline. Hardaway then filed a delayed application for leave to appeal, which the Michigan Court of Appeals denied "for lack of merit in the grounds presented." *Id*. at 447. We held that Hardaway had shown prejudice for purposes of his *Strickland* claim, because "Michigan's collateral post-conviction proceeding is not an adequate substitute for an appeal as of right." *Id.* at 449.

The same thing happened to Glover here. The State tries to avoid the same result, however, by citing *Harrington* for the proposition that a state court's summary order is presumed to be an adjudication on the merits. But *Harrington* addressed the question whether we should treat an unexplained order as one on the merits. That question is different from the antecedent question whether the proceeding giving rise to the order is the functional equivalent of a direct appeal. And the answer to that question, under *Hardaway*, is "no." Glover therefore has demonstrated prejudice for purposes of his *Strickland* claim. *See Hardaway*, 655 F.3d at 449.

Glover also brings claims of ineffective assistance of trial counsel, Fourth Amendment violations, and prosecutorial misconduct. Given our decision on his ineffective assistance of appellate counsel claim, any discussion of his other claims would be premature. *See Dorn v. Lafler*, 601 F.3d 439, 455 n.4 (6th Cir. 2010).

We reverse the district court's denial of habeas relief, and remand with instructions to issue a conditional writ directing the State to provide Glover a direct appeal.