RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 12a0151p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

SANDY GLOVER,

        *Petitioner-Appellee,*

        *v.*

No. 11-1614

THOMAS BIRKETT, Warden,

        *Respondent-Appellant.*

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:07-cv-11912—Nancy G. Edmunds, District Judge.

Decided and Filed:  May 25, 2012

Before:  SUTTON, McKEAGUE, and RIPPLE, Circuit Judges.[*]

─────────────────

**COUNSEL**

**ON BRIEF:** Mark G. Sands, OFFICE OF THE MICHIGAN ATTORNEY GENERAL,
Lansing, Michigan, for Appellant.  Mark J. Kriger, N. C. Deday LaRene, LaRENE &
KRIGER, P.L.C., Detroit, Michigan for Appellee.

─────────────────

**OPINION**

─────────────────

McKEAGUE, Circuit Judge.  While Petitioner Sandy Glover was awaiting trial
in Livingston County Jail on various charges arising from the alleged assault of his ex-
wife,[1] he was implicated in the assault of another inmate at the jail.  He was convicted
of the jail assault in a jury trial.  Glover retained trial counsel to pursue his appeal of

─────────────────

[*]The Honorable Kenneth F. Ripple, Senior Circuit Judge of the United States Court of Appeals
for the Seventh Circuit, sitting by designation.

[1]The conviction resulting from that trial was the subject of a separate habeas proceeding. *Glover
v. Palmer*, No. 07-CV-11305, 2010 WL 1323570 (E.D. Mich. Mar. 29, 2010), *rev'd*, No. 10-1577, 2012
WL 618209 (6th Cir. Feb. 28, 2012).

right, but the attorney failed to timely file a notice of appeal.  Glover filed a delayed application for leave to appeal in the Michigan Court of Appeals, raising various challenges to his conviction and sentence, which the court denied "for lack of merit in the grounds presented."  The Michigan Supreme Court also denied leave to appeal. Glover then pursued state collateral proceedings and filed a motion for relief from judgment in the trial court, alleging, among other claims, that appellate counsel was ineffective for failing to timely pursue an appeal of right.  The trial court denied the motion, and the Michigan Court of Appeals and Michigan Supreme Court denied Glover's subsequent applications for leave to appeal the denial of his motion, for failure to establish entitlement to relief under Mich. Ct. Rule 6.508(D).  Glover then filed the instant habeas action.  The district court conditionally granted his petition, finding that counsel was ineffective for failing to timely pursue Glover's appeal of right.  Respondent Birkett appeals.

"We review the district court's grant of a writ of habeas corpus *de novo*." *Jensen v. Romanowski*, 590 F.3d 373, 377 (6th Cir. 2009).  Under the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may not grant a writ of habeas corpus on claims adjudicated on the merits in state court unless the state court's adjudication of the claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).  In order to prevail on an ineffective assistance of counsel claim, a petitioner must show that counsel's performance was deficient and that he was prejudiced by counsel's deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The parties do not dispute whether counsel's performance was deficient; Respondent argues only that Glover has not shown prejudice.  The Supreme Court has held that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). "[W]e . . . presum[e] prejudice with no further

showing from the defendant of the merits of his underlying claims when the violation of the right to counsel rendered the proceeding . . . entirely nonexistent." *Id.*

Respondent argues that Glover was not completely deprived of a direct appeal in this case because the Michigan Court of Appeals considered and denied his claims on the merits in considering his application for leave to appeal. We previously considered, and rejected, this argument in *Hardaway v. Robinson*, 655 F.3d 445 (6th Cir. 2011). Like Glover in this case, Hardaway had filed in the state courts a delayed application for leave to appeal, followed by a motion for relief from judgment, followed by an application for leave to appeal the denial of his motion for relief. We found that appellate review of the denial of collateral relief was not a sufficient substitute for a direct appeal:

> The disposition of an application for leave to appeal is within the discretion of the Michigan Court of Appeals, and is a *preliminary step* to having the case proceed as an appeal of right. *See* Mich. Ct. R. 7.205(D)(2), (3) . . . . Only if the leave application is granted will the case proceed as an appeal of right. *See* Mich. Ct. R. 7.205(D)(3). Furthermore, unlike the appellant in an appeal of right, the applicant denied leave to appeal does not receive the benefit of oral argument. *See* Mich. Ct. R. 7.205(D)(1). Nor does the defendant have a right to appointed counsel on post-conviction review . . . . Taken together, these differences render Michigan's collateral post-conviction proceeding too unlike an appeal of right to constitute a sufficient substitute.

*Hardaway*, 655 F.3d at 449-50 (emphasis added) (citation omitted). Thus, Hardaway was "deprived . . . of the appellate proceeding altogether," and prejudice was presumed. *Hardaway*, 655 F.3d at 449 (citing *Flores-Ortega*, 528 U.S. at 483-84). This case is materially indistinguishable from *Hardaway*.

Respondent nonetheless attempts to avoid the application of *Hardaway* by arguing that *Hardaway* is inconsistent with the Supreme Court's decision in *Harrington v. Richter*, 131 S. Ct. 770 (2011). We have also previously considered this argument, and rejected it, in our decision involving Glover's prior habeas petition challenging his conviction and sentence for the assault of his ex-wife, in which he raised an identical

claim. *Glover v. Palmer*, No. 10-1577, 2012 WL 618209, at \*2 (6th Cir. Feb. 28, 2012). As we pointed out in that case,

> *Harrington* addressed the question whether we should treat an unexplained order as one on the merits. That question is different from the antecedent question whether the proceeding giving rise to the order is the functional equivalent of a direct appeal. And the answer to that question, under *Hardaway*, is "no."

*Id*.; *see also Hardaway*, 655 F.3d at 450. And, in any event, *Hardaway* was decided after *Harrington*, and we are bound by its determination that post-*Harrington*, the denial of an application for leave to appeal is not a sufficient substitute for a counseled direct appeal. *See* 6 Cir. R. 206(c); *Brown v. United States*, 462 F.3d 609, 620 (6th Cir. 2006) ("This court has long adhered to the venerable principle that a prior published decision remains controlling unless overturned by an inconsistent decision of the United States Supreme Court or by this court itself sitting *en banc*." (internal quotation marks omitted)).

Because counsel's deficient performance deprived Glover of his appeal of right, prejudice is presumed. We thus affirm the district court order conditionally granting Glover's petition for habeas relief.