NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0528n.06

No. 12-1345

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jul 17, 2014
DEBORAH S. HUNT, Clerk

MICHAEL VANCE,                                      )
                                                    )
    **Petitioner-Appellee,**                         )        ON APPEAL FROM THE
                                                    )        UNITED STATES DISTRICT
v.                                                  )        COURT FOR THE EASTERN
                                                    )        DISTRICT OF MICHIGAN
DEBRA L. SCUTT, Warden,                             )
                                                    )
    **Respondent-Appellant.**                        )        **OPINION**
                                                    )

---

**BEFORE: MOORE and COOK, Circuit Judges; GWIN, District Judge.**[*]

**KAREN NELSON MOORE, Circuit Judge.** In 2004, a Michigan jury convicted petitioner-appellee Michael Vance in two consolidated cases of first- and second-degree criminal sexual conduct with a minor. Vance unsuccessfully pursued leave to appeal and post-conviction relief. On habeas review, the district court granted relief, finding constitutionally deficient (1) Vance's appellate counsel's filing of an application for leave to appeal instead of an appeal of right, and (2) the trial court's failure to advise Vance to file a notice of appeal in both cases. We affirm the district court's grant of habeas relief based on ineffective assistance of appellate counsel and reverse the district court's grant of habeas relief based on notice of appellate rights.

---

[*]The Honorable James S. Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

**I.**

In 2003, Michigan charged Vance in two cases with sexually assaulting a minor. The trial court consolidated the cases for trial, and in 2004 a jury convicted Vance of multiple counts of first-degree criminal sexual conduct under Mich. Comp. Laws § 750.520b(1)(a) and second-degree criminal sexual conduct under Mich. Comp. Laws § 750.520c(1)(a). R. 9-10 (J. of Sentence at 1) (Page ID #530). The court sentenced Vance to concurrent sentences of 15 to 50 years' imprisonment for the first-degree convictions and 4 to 15 years for the second-degree convictions. R. 9-9 (Sent'g Tr. at 32–33) (Page ID #525–26).

Under Michigan law, Vance preserved his ability to file an appeal of right only if he either filed a notice of appeal or requested appellate counsel within 42 days of the entry of judgment. Mich. Ct. R. 7.204(A)(2)(c); *People v. Hernandez*, 503 N.W.2d 629, 637–38 (Mich. 1993) ("[A] request for the appointment of an attorney also act[s] as a claim of appeal in cases in which the defendant's request for a lawyer was timely.") (alteration omitted), *abrogated on other grounds, People v. Mitchell*, 560 N.W.2d 600 (Mich. 1997). To that end, the judge stated at sentencing that "[t]he Court provides the Advice of Rights form . . . advising . . . Vance that he has 42 days within which to . . . appeal this sentence." R. 9-9 (Sent'g Tr. at 33–34) (Page ID #526–27). The court filed the judgment of sentence with the clerk of the court on August 11, 2004. R. 9-10 (J. of Sentence at 1) (Page ID #530).

Vance filed a request for appointment of appellate counsel only in Case No. 03-193604-FC. *Vance v. Scutt*, No. 2:09-CV-11368, 2012 WL 666520, at *1 (E.D. Mich. Feb. 29, 2012).

The state trial court appointed appellate counsel in that case in October 2004, and eventually appointed counsel in Case No. 03-192752-FH in February 2005. *Id.* Vance's appellate counsel filed late applications for leave to appeal in both cases with the Michigan Court of Appeals. R. 9-10 (Appl. for Leave in #03-193604-FC at 1–3) (Page ID #532–34); R. 9-12 (Appl. for Leave in #03-192752-FH at 1–3) (Page ID #558–60). On May 26, 2005, the Michigan Court of Appeals denied the application for leave to appeal Case No. 03-193604-FC "for lack of merit in the grounds presented." R. 9-10 (Mich. Ct. App. Order in #03-193604-FC). The Michigan Supreme Court denied Vance's application for leave to appeal the May 26, 2005 denial by the Michigan Court of Appeals "because [the Michigan Supreme Court is] not persuaded that the questions presented should be reviewed by this Court." R. 9-11 (Mich. S. Ct. Order in #03-193604-FC). The Michigan Court of Appeals and Michigan Supreme Court both denied leave to appeal in Case No. 03-192752-FH.[1] Appellant Br. at 6–7; Appellee Br. at 9.

Vance next moved for post-conviction relief in the Circuit Court for the County of Oakland, Michigan, arguing, *inter alia*, that he received ineffective assistance of appellate counsel and that the trial court failed to advise him properly of his appellate rights with respect to both of his consolidated cases, resulting in the forfeiture of an appeal of right. R. 9-12 (Oakland Cnty. Post-Conviction Order at 1–7) (Page ID #552–57). The Circuit Court stated that "[i]n Docket No. 03-193694-FC, Defendant's timely request for appointment of counsel was received on September 23, 2004." *Id.* at 3 (Page ID #554). The Circuit Court denied Vance's motion. *Id.*

---

[1]The orders of the Michigan Court of Appeals and Michigan Supreme Court in Case No. 03-192752-FH were not included in the district court record.

at 1 (Page ID #552). The Michigan Court of Appeals and the Michigan Supreme Court each denied leave to appeal in both cases because Vance "failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." R. 9-13 (Mich. Ct. App. Post-Conviction Order at 1) (Page ID #618); R. 9-13 (Mich. S. Ct. Post-Conviction Order at 1) (Page ID #607).

Vance then filed his 28 U.S.C. § 2254 habeas petition in the United States District Court for the Eastern District of Michigan, raising a host of issues. R. 1 (Habeas Petition at 1–48) (Page ID #1–48). The district court granted the petition on the grounds that (1) Vance's appellate counsel rendered ineffective assistance by filing an application for leave to appeal instead of an appeal of right; and (2) the trial court violated Vance's due process rights by failing to specify that Vance had to appeal both cases separately. *Vance*, 2012 WL 666520, at *5, 7. Consequently, the district court declined to decide Vance's remaining issues briefed for review and ordered the Michigan Court of Appeals within sixty days to reinstate Vance's appeal of right and appoint appellate counsel. *Id.* at *8.

Warden Debra Scutt ("Warden") filed a timely notice of appeal of the conditional grant of habeas relief, and filed a motion in the district court for a stay pending appeal. R. 18 (D. Ct. Mot. for Stay at 1–16) (Page ID #934–49). Amongst other issues, the Warden argued that the district court erred in finding that Vance timely filed his request for appellate counsel in Case No. 03-193604-FC. *Id.* at 8 (Page ID #941). The district court denied the request for a stay and held that the Warden's "failure to address the merits of petitioner's ineffective assistance of counsel claim in the answer to the petition for writ of habeas corpus . . . waived any substantive

defenses to the merits of this claim." R. 21 (Stay Order at 4) (Page ID #956). The Warden then filed a motion for a stay pending appeal in this court, which was granted. *Vance v. Scutt*, No. 12-1345 (6th Cir. Apr. 20, 2012).

## II.

In habeas proceedings we review the district court's legal conclusions de novo and its factual findings for clear error. *Davis v. Lafler*, 658 F.3d 525, 530 (6th Cir. 2011). A habeas petition succeeds if the state court's adjudication on the merits of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *Werth v. Bell*, 692 F.3d 486, 492 (6th Cir. 2012).

### A. Ineffective Assistance of Appellate Counsel

Vance contends that because he timely requested appointment of appellate counsel in Case No. 03-193604-FC, appellate counsel was ineffective for failing to file an appeal of right, filing instead an application for leave to appeal. The district court granted Vance conditional habeas corpus relief on this ground. We affirm.

The Warden argues that Vance's request for appointment of appellate counsel in Case No. 03-193604-FC was not timely, and therefore appellate counsel's decision to file for leave to appeal rather than to appeal of right was not deficient performance. Vance argues that his request for appointment of appellate counsel was timely, and because the Warden raised this

argument for the first time in her motion to the district court for a stay pending appeal of the grant of habeas relief, she has waived a challenge to the timeliness of his request.

We need not decide whether the Warden waived a challenge to the timeliness of Vance's request for appointment of appellate counsel because even assuming that the Warden did not waive the challenge, we are bound by the state court's description of Vance's request for appellate counsel as timely. Timeliness is not a simple question of fact that requires nothing more than counting days on a calendar; rather, it is a matter of state procedural law that involves questions of how to count days, when an application is considered filed, and whether and when to permit equitable tolling. We do not meddle with state court decisions on state procedural issues in habeas. "We are bound by the state court's determination of its own law." *Davis v. Straub*, 430 F.3d 281, 291 (6th Cir. 2005). "Because state courts are the final authority on state law, federal courts must accept a state court's interpretation of its statutes and its rules of practice." *Israfil v. Russell*, 276 F.3d 768, 771 (6th Cir. 2001) (internal citation omitted), *cert. denied*, 535 U.S. 1088 (2002). We considered a similar situation where a habeas petitioner argued that the state court incorrectly treated his application for leave to appeal as untimely; we refused to engage with that argument because "[t]his court does not have the power to resolve such a claim. To do so would be to dictate Michigan procedural law to the Michigan Supreme Court." *Ross v. McKee*, 465 F. App'x 469, 473 (6th Cir. 2012). Although unpublished decisions are not binding, *United States v. Flores*, 477 F.3d 431, 436 n.2 (6th Cir. 2007), the analysis is persuasive and supported by other binding decisions of this court. We "do[] not function as an

additional state appellate court reviewing state-court decisions on state law or procedure. Federal courts are obligated to accept as valid a state court's interpretation of state law and rules of practice of that state." *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) (internal citation omitted). Because timeliness is a question of state procedural law, we are bound by the state court's description of Vance's request as "timely." That the state post-conviction court did not engage in a deep discussion of Michigan procedural law is of no moment; we defer to state-court decisions on claims adjudicated on the merits even when the decision is "unaccompanied by an explanation." *Harrington v. Richter*, --U.S.--, 131 S. Ct. 770, 784 (2011).

Thus, treating Vance's request for appellate counsel as timely, as did the state post-conviction court and the district court, we evaluate whether Vance has demonstrated that the state court's rejection of his claim of ineffective assistance of appellate counsel "was contrary to, or involved an unreasonable application of, clearly established Federal law."

The state post-conviction court did not directly address Vance's claim that counsel was ineffective for filing a motion for leave to appeal instead of a direct appeal, but did reject all of the claims in Vance's post-conviction motion for relief from judgment because "[i]t plainly appears . . . that Defendant is not entitled to relief." R. 9-12 (Oakland Cnty. Post-Conviction Order at 1) (Page ID #552). The Michigan Court of Appeals denied leave to appeal the denial of Vance's post-conviction motion for relief from the judgment "because defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." R. 9-12 (Mich. Ct. App. Post-Conviction Order at 1) (Page ID #551). The Michigan Supreme Court rejected

Vance's application for leave to appeal with the same standard response that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Vance*, 758 N.W.2d 562 (Mich. 2008).

Form orders denying leave to appeal and citing Michigan Rule 6.508(D) "are ambiguous as to whether they refer to procedural default or denial of relief on the merits." *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010) (en banc) (citing Michigan cases denying leave to appeal under the rule both because the claims were procedurally defaulted and because they were not meritorious). However, in *Harrington v. Richter*, the Supreme Court held that "[w]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." 131 S. Ct. at 784–85. Applying *Harrington* to Michigan form orders denying leave to appeal, we concluded that "AEDPA deference applies to Michigan orders like the orders in this case, absent some 'indication or [Michigan] procedural principle to the contrary.'" *Werth*, 692 F.3d at 493 (6th Cir. 2012) (quoting *Harrington*, 131 S. Ct. at 785). Because "neither Michigan law nor the specific background of this case gives us 'reason to think some other explanation for the state court's decision is more likely,'" *id.* at 494 (quoting *Harrington*, 131 S. Ct. at 785), we apply AEDPA deference to the state court's resolution of Vance's claim and consider whether the rejection of his claim of ineffective assistance of appellate counsel was "contrary to, or involved an unreasonable application of, clearly established Federal law." "[A] state-court decision is 'contrary to' clearly established

federal law if 'the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts.'" *Metrish v. Lancaster*, --U.S.--, 133 S. Ct. 1781, 1786 n.2 (2013) (quoting *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000)). "[A]n unreasonable application of [Supreme Court] holdings must be objectively unreasonable, not merely wrong; even clear error will not suffice. . . . [A] state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *White v. Woodall*, --U.S.--, 134 S. Ct. 1697, 1702 (2014) (internal quotation marks and citation omitted).

Vance argues that the decision of his appellate counsel to file for leave to appeal, rather than appeal of right, was ineffective assistance of appellate counsel. Claims of ineffective assistance of counsel are governed by the familiar test from *Strickland v. Washington*, 466 U.S. 668 (1984), under which "[a] defendant claiming ineffective assistance of counsel must show (1) that counsel's representation 'fell below an objective standard of reasonableness,' and (2) that counsel's deficient performance prejudiced the defendant." *Roe v. Flores-Ortega*, 528 U.S. 470, 476–77 (2000) (internal citation omitted). Because the Michigan courts did not explain the decision to deny Vance's claim of ineffective assistance of appellate counsel, we "must determine what arguments or theories . . . could have supported[] the state court's decision; and then [we] must ask whether it is possible fairminded jurists could disagree that those arguments

or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Harrington*, 131 S. Ct. at 786. The Michigan state court may have rejected Vance's claim of ineffective assistance of appellate counsel by concluding that Vance did not satisfy the deficient performance prong, the prejudice prong, or both. We conclude that rejecting Vance's claim for either reason was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. § 2254(d)(1).

The Sixth Amendment guarantees a defendant the right to effective assistance of counsel in a first appeal of right. *Evitts v. Lucey*, 469 U.S. 387, 394 (1985); *Douglas v. California*, 372 U.S. 353, 356–57 (1963). The Supreme Court has repeatedly held that counsel's failure to perfect a direct appeal that a defendant wishes to pursue is deficient performance. *See Flores-Ortega*, 528 U.S. at 477 (counsel's failure to follow a defendant's instructions to file a notice of appeal "cannot be considered a strategic decision"); *Evitts*, 469 U.S. at 394 ("the attorney must be available to assist in preparing and submitting a brief to the appellate court, and must play the role of an active advocate" (internal citation omitted)); *Rodriquez v. United States*, 395 U.S. 327, 329–30 (1969) (counsel erred by failing to file a notice of appeal). This is because there is no reasonable or strategic reason to abandon a client's direct appeal that the client wishes to pursue. Vance demonstrated his interest in appealing his conviction by submitting a request for appellate counsel. This request, treated as timely by the Michigan state post-conviction court, preserved Vance's ability to appeal as of right. Given that Vance's appellate counsel could appeal of right, there is simply no strategic reason why Vance's appellate counsel would file for leave to appeal,

instead. The Michigan state post-conviction court did not need to "extend" Supreme Court precedent to know that appellate counsel's conduct was deficient performance. "'[T]he difference between applying a rule and extending it is not always clear' but '[c]ertain principles are fundamental enough that when new factual permutations arise, the necessity to apply the earlier rule will be beyond doubt.'" *White*, 134 S. Ct. at 1706 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 666 (2004)). That the Sixth Amendment does not permit appellate counsel to file for leave to appeal, rather than appeal of right, when an appeal of right is available is one of those rare situations where "it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *Id.* (quoting *Harrington*, 131 S. Ct. at 787). Consequently, a conclusion by the Michigan state post-conviction court that the decision of Vance's appellate counsel was not deficient performance would be an unreasonable application of Supreme Court precedent.

In *Flores-Ortega*, the Supreme Court held that where counsel's deficient performance renders the desired direct appeal "entirely nonexistent," prejudice is presumed. 528 U.S. at 484. "[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." *Id.* By filing for leave to appeal, rather than appeal of right, Vance's counsel rendered his direct appeal "entirely nonexistent," so under *Flores-Ortega*, prejudice must be presumed. If the Michigan state post-conviction court required Vance to show actual prejudice, the state court relied on "a conclusion opposite to that reached by [the Supreme]

Court on a question of law,'" *Metrish*, 133 S. Ct. at 1786 n.2, and so the rejection of Vance's claim of ineffective assistance of appellate counsel was contrary to clearly established federal law announced in *Flores-Ortega*. This conclusion is entirely based on Supreme Court precedent; it also is consistent with previous decisions of this court. *See Glover v. Birkett*, 679 F.3d 936 (6th Cir. 2012); *Hardaway v. Robinson*, 655 F.3d 445 (6th Cir. 2011).

Because the Michigan state post-conviction court's denial of Vance's claim of ineffective assistance of appellate counsel was contrary to, and an unreasonable application of, clearly established federal law, we affirm the district court's conditional grant of habeas relief and restoration of state appellate rights with respect to Case No. 03-193604-FC.

**B. Notice of Appellate Rights**

The district court also granted Vance habeas relief on the ground that the trial court failed properly to advise him of his appellate rights with respect to both of his cases. We conclude that Vance received adequate notice of his appellate rights.

In *Peguero v. United States*, 526 U.S. 23 (1999), the Supreme Court deemed a trial court's failure to advise a criminal defendant of his appellate rights harmless when the defendant possessed independent knowledge of his ability to appeal. *Id.* at 29–30. Relying on *Peguero*, our sister circuits hold that a defendant who is actually aware of his appellate rights is not prejudiced by the trial court's failure to advise him of his right to appeal, and so suffers no due process violation. *See Fleming v. Sec'y, Dep't of Corr.*, 231 F. App'x 932, 934–35 (11th Cir. 2007); *Lynch v. Cambra*, 126 F. App'x 783, 783–84 (9th Cir. 2005). At the end of sentencing,

the trial judge stated: "The Court provides the Advice of Rights form to Mr. Cataldo, advising Mr. Vance that he has 42 days within which to—within which to appeal this sentence[.]" R. 9-9 (Sent'g Tr. at 33–34) (Page ID #526-27). Vance argues that the trial court erred by not explicitly informing him that although his cases were consolidated for trial they were not consolidated on appeal and so it was necessary to file a separate notice of appeal for each case. We conclude that it was not contrary to, or an unreasonable application of, *Peguero* to conclude that Vance did not suffer a due process violation based on deficient notice of appellate rights.

## III.

For the above reasons, we AFFIRM the district court's conditional grant of habeas corpus with respect to Case No. 03-193604-FC and REVERSE the district court's conditional grant of habeas corpus with respect to Case No. 03-192752-FH. We REMAND for further proceedings consistent with this opinion.

13